ORIGINAL

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Brian C. Cannon (Bar No. 193071)
   briancannon@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
4  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
5
   Attorneys for Google Inc., Google Commerce
6  Ltd., Google Germany GmbH, and Google
   Ireland Ltd.
7

FILED

DEC - 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>Google Inc.<br>Google Commerce Ltd.<br>Google Germany GmbH and<br>Google Ireland Ltd.,<br><br>          Applicants. | CASE NO. CV-14-80333 -MISC.<br><br>DECLARATION OF NADINE E.<br>HERRMANN IN SUPPORT OF *EX PARTE*<br>APPLICATION FOR AN ORDER<br>PURSUANT TO 28 U.S.C. § 1782<br>GRANTING LEAVE TO OBTAIN<br>DISCOVERY FOR USE IN FOREIGN<br>PROCEEDINGS |

HERRMANN DECLARATION IN SUPPORT OF
GOOGLE'S 28 U.S.C § 1782 APPLICATION

I, Nadine E. Herrmann, declare as follows:

1. My name is Dr. Nadine Elisabeth Herrmann. I am a German-qualified attorney (*Rechtsanwältin*), admitted to practice in Germany since 2003. I am also qualified as a solicitor in England and Wales, admitted by the Solicitors Regulation Authority since 18 April 2006, member number 438829. I am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP.

2. On March 10, 2014, Unwired Planet International Ltd. ("UP Ltd.") filed a complaint against Google Inc., Google Commerce Ltd., and Google Germany GmbH ("the German Google defendants"), as well as a number of other defendants, with the Düsseldorf Regional Court, Germany under docket number 4b O 24/14. UP Ltd. asserted that the German Google defendants had – by offering and selling their Nexus phone series – infringed six patents owned by UP Ltd. On the same day UP Ltd. also filed a complaint with the High Court of Justice in London, England under claim number HP 14 B01038 against Google Inc., Google Commerce Ltd., and Google Ireland Ltd. ("the English Google defendants"), as well as a number of other defendants, on substantially the same grounds. The Düsseldorf Regional Court split the case into six separate proceedings, according to the applicable patent-in-suit for each case. The docket numbers are (1) 4b 0 95/14, (2) 4b 0 96/14, (3) 4b 0 97/14, (4) 4b 0 98/14, (5) 4b 0 99/14, and (6) 4b 0 100/14. The High Court of Justice recently renumbered its case as HP-2014-000005, applicable as of October 1, 2014. The German Google defendants are represented by Quinn Emanuel Urquhart & Sullivan, LLP in the German proceedings whereas the English Google defendants are represented by Bristows LLP in the English proceedings. Attached as **Exhibit 1** is a true and correct copy of an excerpt of the Statement of Claim in the German proceedings, dated March 10, 2014, as served on the Google defendants by UP Ltd., and attached as **Exhibit 2** is a true and correct copy of an excerpt of the translation of the Statement of Claim in the German proceedings. Attached as **Exhibit 3** is a true and correct copy of the Statement of Claim in the English proceedings, dated March 10, 2014, as served on the Google defendants by UP Ltd.

3. I understand that five of the patents-in-suit have been declared to be standard essential to wireless communication standards UMTS, LTE, and/or GSM ("the Declared SEPs"). I understand that the Declared SEPs were originally owned by Telefonaktiebolaget LM Ericsson

("Ericsson"). Both the German and the English Google defendants believe that Ericsson has licensed the Declared SEPs to Asus, an original equipment manufacturer ("OEM") that manufactures the accused Google mobile devices of the Nexus series. Attached as **Exhibit 4** is a true and correct copy of Google's pleading filed in the English proceeding, describing Google's investigations of these potential licenses at ¶¶ 45-50.

4. I understand that on January 10, 2013, Ericsson entered into a Master Sale Agreement with Cluster LLC ("Cluster"), Unwired Planet Inc. ("UP Inc."), Unwired Planet LLC ("UP LLC"), Unwired Planet IP Holdings, Inc. and Unwired Planet IP Manager, LLC whereby Ericsson would transfer 2,185 patents and patent applications to UP LLC, among them the Declared SEPs. Attached as **Exhibit 5** is a true and correct copy of a redacted version of this Master Sale Agreement, dated January 10, 2013, as obtained from the SEC website, http://www.sec.gov/Archives/edgar/data/1082506/000119312513012058/d466328dex102.htm. Due to a court order in the English proceedings, I understand that this Master Sale Agreement has been produced for the purpose of the English proceedings but only for inspection by the English Google defendants and their legal representatives in the English proceedings. Under the court order it may not be used or inspected by the legal representatives in the German proceedings. The only publicly available version of this agreement, available on the SEC website as noted above, is heavily redacted.

5. UP Ltd. asserts in its complaints that pursuant to the Master Sale Agreement, on February 11, 2013, Ericsson assigned the Declared SEPs to Cluster, which, I understand, is or has been an indirect subsidiary of Ericsson. Next, on February 13, 2013, Cluster purportedly assigned the Declared SEPs to UP LLC. According to UP Ltd.'s assertions, UP LLC later assigned the patents to UP Ltd. Attached as **Exhibit 6** is a true and correct copy of the Patent Assignment Agreement dated February 11, 2013 (Annex EIP D03 to the Statement of Claim in the German proceedings). Attached as **Exhibit 7** is a true and correct copy of the Patent Assignment Agreement dated February 13, 2013 (Annex EIP D03 to the Statement of Claim in the German proceedings). Attached as **Exhibit 8** is a true and correct copy of the Patent Assignment

1  Agreement dated February 27, 2014 (Annex EIP D03 to the Statement of Claim in the German
2  proceedings).

3  6. The German and English Google defendants believe that they may have a license
4  "pass through" defense or an exhaustion defense against UP Ltd.'s allegations that they infringe
5  the SEPs because these patents have been licensed by Ericsson to OEMs such as Asus and to
6  chipset manufacturers Qualcomm and Intel. *See supra*, **Exhibit 4** ¶¶ 45-50. They furthermore
7  believe that Asus Int'l may be in possession of copies of the license agreements to which Asus is a
8  party. These license agreements have not been produced to the German or English courts by the
9  plaintiff, Asus, or otherwise.

10  7. The German and English Google defendants believe that third-party OEM Asus has
11  been granted rights to or benefits under patents that are or have at any time been owned or
12  controlled by Ericsson and have been declared to be essential for cellular standards UMTS and/or
13  GSM and LTE (including but not limited to pass-through rights or covenants not to sue), whether
14  directly or indirectly, including without limitation through licenses with or documents provided by
15  Qualcomm and/or Intel. (*See* **Exhibit 4** ¶ 48.)

16  8. I understand that Asus Computer International ("Asus Int'l") has its U.S.
17  headquarters at 800 Corporate Way, Fremont, CA 94539. Attached as **Exhibit 9** is a true and
18  correct copy of the "About Asus" website,
19  http://www.asus.com/us/About_ASUS/Facilities_Branches/.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2014, at San Francisco, California.

/s/ *Nadine E. Herrmann*
_____
Nadine E. Herrmann