UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of | No. 14-mc-80333-DMR |
| Google Inc., et al. | **ORDER GRANTING EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FROM ASUS INTERNATIONAL FOR USE IN INTERNATIONAL PROCEEDING** |
| _____/ | |

Before the court is an ex parte application by Google Inc., Google Commerce Ltd., Google Germany GmbH, and Google Ireland Ltd. (collectively, "Google") for an order to obtain written discovery from Asus International ("Asus") for use in an international arbitration. Having considered Google's papers and accompanying submissions, the court **grants** the application.

## I. BACKGROUND

Unwired Planet LLC ("UP LLC") has accumulated a portfolio of worldwide patents and has sued companies around the world for infringement. Application [Docket No. 1] at 1; Hermann Decl. [Docket No. 2] at ¶ 2. In Germany and the United Kingdom,[1] Unwired Planet International Limited ("UP Ltd.") has sued Google for patent infringement relating to features used in mobile phones. *Id.* UP Ltd. accuses Google of infringing six patents owned by UP Ltd. Hermann Decl. Exs. 2, 3. Asus

---

[1] The German action is proceeding before the Dusseldorf Regional Court and the United Kingdom action is proceeding before the High Court of Justice in London. Hermann Decl. at ¶ 2.

is the original equipment manufacturer ("OEM") that manufactures the accused Google mobile devices of the Nexus series. Hermann Decl. at ¶ 3.

Google believes it has a "pass through" or exhaustion doctrine defense[2] against certain of UP Ltd.'s allegations of infringement. Five of the six patents-in-suit were acquired by UP LLC from Ericsson, a company that made cell phones. Application at 1-2; Hermann Decl. at ¶ 3. These five patents-in-suit have been declared to be essential for cellular standards UMTS and/or GSM and LTE. According to Google, Ericsson had a series of patent cross-licenses with other cell phone manufacturers and distributers, and the five patents-in-suit were likely licensed by Ericsson to Asus. *Id.* In addition, Asus has been granted the rights to other patents once owned or controlled by Ericsson, through licenses or agreements with other entities, including Qualcomm and/or Intel. Hermann Decl. at ¶ 7. Google's application seeks these license agreements, which Google contends are directly relevant to its defenses.

## II. LEGAL STANDARDS

Google's application is brought pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of Section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that Section 1782 has the "twin aims" of "providing efficient means of

---

[2] Under the doctrine of patent exhaustion, "when a patented device has been lawfully sold in the United States, subsequent purchasers inherit the same immunity under the doctrine of patent exhaustion." *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1105 (Fed. Cir. 2001); *see also Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("The law is well settled that an authorized sale of a patented product places that product beyond the reach of the patent."); *Freescale Semiconductor, Inc. v. ChipMOS Technologies*, No. 09-CV-03689-EJD, 2013 WL 308919, at *3 (N.D. Cal. Jan. 25, 2013).

2

assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (quotations omitted).

A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also In re Republic of Equador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427 at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Id.* (citing *Intel*, 542 U.S. at 264-65).

It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted ex parte. *Id.* (summarizing cases).

### III. DISCUSSION

**A. Authority to Issue Subpoena**

The court has reviewed Google's application and determined that the statutory requirements have been satisfied. First, Google has established that Asus resides in this district. Second, actions before the Dusseldorf Regional Court and the High Court of Justice constitute foreign tribunals for purposes of Section 1782. *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. 08-cv-5124-HRL, 2009 WL 88348, at *2 (N.D. Cal. Jan. 13, 2009) (granting Section 1782 application for discovery for use in

3

patent infringement suit pending in Dusseldorf Regional Court); *In re Ex Parte Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, No. 13-MC-0266, 2013 WL 6164435, at *1 (E.D. Pa. Nov. 22, 2013) (granting Section 1782 application for discovery for use before High Court in London).  Third, Google qualifies as an "interested person" because it is a party to the proceedings.

**B. Discretionary Factors**

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the jurisdictional reach of the foreign tribunal, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.  Here, Asus is not a party to proceedings in either country, *see* Application at 11, and this factor weighs in Google's favor.

With respect to the nature and receptivity of the foreign tribunal, Google avers that the Dusseldorf Regional Court and the High Court of Justice can be expected to be receptive to the information obtained by this request.  *See, e.g.*, *Cryolife*, 2009 WL 88348 at *2; *In re Ex Parte Application of Societe d'Etude*, 2013 WL 6164435 at *1.  Accordingly, this factor also weighs in Google's  favor.  For the same reason, the third discretionary factor weighs in Google's favor, as there is nothing to suggest that Google is attempting to circumvent foreign proof-gathering restrictions.

The final discretionary factor is whether the subpoena contains unduly intrusive or burdensome requests.  Google's three document requests target specific categories of documents:

> (1) Copies of all license agreements Ericsson has concluded with Asus regarding patents that have been declared to be essential for the UMTS and/or GSM and LTE standard, or documents containing reference to the licenses.
>
> (2) Copies of all license agreements Ericsson has concluded with Asus regarding five patents that have been declared to be essential for cellular standards UMTS and/or GSM and LTE and are the subject of the foreign litigation at issue in this application [i.e. the five relevant patents-in-suit], or documents containing reference to the licenses.
>
> (3) Copies of all license agreements regarding patents that are or have at any time been owned or controlled by Ericsson and have been declared to be essential for cellular standards UMTS and/or GSM and LTE, or documents pursuant to which Asus is granted rights to or benefits under such patents (including but limited to pass-through rights or covenants not to sue), whether directly or indirectly, including without limitation licenses with or documents provided by Qualcomm and/or Intel.

Google avers that the information sought will be critically important to its patent infringement defenses, and the burden on Asus will be slight because the universe of responsive documents is likely small and easily searchable. The second of Google's document requests seeks license agreements relating to five of the patents-in-suit, and the argument for the relevance of those documents is fairly clear. What is less clear, however, is the relevance of the first and third document requests, which seek license agreements concerning patents in the same general category as the patents-in-suit but not necessarily restricted to the patents-in-suit. Google has not described its anticipated pass through or exhaustion defense arguments in enough detail for the court to understand exactly how Google intends to use these documents in the proceedings in Germany and United Kingdom. Nonetheless, the court finds that Google has at least plausibly alleged that the information sought in the first and third document requests is relevant to the international proceedings and is not unduly burdensome. Of course, this finding does not preclude Asus from contesting the subpoena based on undue intrusion, burden, or other grounds. *See In re Republic of Equador*, 2010 WL 3702427 at *2 and *5 (noting that ex parte applications under Section 1782 are "typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery" and to contest the subpoena "based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)").

//

//

### IV.  CONCLUSION

For the reasons stated above, the court **grants** Google's application.  Google may serve the subpoena attached as Exhibit B to its application.

IT IS SO ORDERED.

Dated:  December 15, 2014



DONNA M. RYU
United States Magistrate Judge