QUINN EMANUEL URQUHART & SULLIVAN, LLP
Brian C. Cannon (Bar No. 193071)
briancannon@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwoood Shores, Californai 94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Google Inc., Google Commerce Ltd., Google Germany GmbH and Google Ireland Ltd.

Laura L. Norris (Bar No. 195844)
laura@corporate-gc.com
6081 Meridian Avenue, Suite 70-151
San Jose, CA 95120
Telephone: (408) 482-0345
Facsimile: (408) 268-4511

Attorney for Asus Computer International

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>Google Inc.<br>Google Commerce Ltd.<br>Google Germany GmbH and<br>Google Ireland Ltd.,<br><br>      Applicants. | CASE NO. 4:14-mc-80333-DMR<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

On December 15, 2014, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting Google Inc., Google Commerce Ltd., Google Germany GmbH, and Google Ireland Ltd. (collectively, "Google") leave to obtain discovery from Asus Computer International ("Asus Int'l") for use in foreign proceedings pending in the Dusseldorf Regional Court in Germany and the High Court of Justice in London, United Kingdom between Unwired Planet International Ltd. and Google, including any appeals therefrom and any nullity actions involving the patents in suit in such pending proceedings. On December 16, 2014, Google served Asus Int'l with a subpoena identifying the documents it seeks for use in those foreign proceedings. Asus Int'l served objections and responses to the subpoena on December 29, 2014.

Whereas, Asus Int'l wishes to protect the confidential, proprietary, and/or commercially sensitive information of certain documents sought by Google;

Asus Int'l and Google hereby stipulate and agree as follows:

The Court hereby orders that Asus Int'l may, in good faith, designate material produced in response to these subpoenas that is confidential, proprietary, and/or commercially sensitive information marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Once produced and so designated, or if no designation is necessary, Asus Int'l may use these documents in the foreign proceedings to the same extent as Google.

The following protections shall apply to information produced by Asus Int'l pursuant to the subpoenas at issue marked HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY:

1. Google's in-house counsel and other Google personnel shall not be permitted access to confidential information;

2. Google shall not permit access to the confidential information by anyone except:

(a) German and English court personnel;

(b) Qualified Retained Experts as defined below; and

(c) No more than eight (8) Google outside counsel in Germany, two (2) in the United States and eight (8) in UK who have agreed in writing to be bound to the terms of this protective order by signing Exhibit A to this order, and who need to see this confidential information for

purposes of putting on Google's claims or defenses in any German and/or English litigation(s) provided that Google may request additional outside counsel for reasonable cause so long as Google provides five (5) days notice;

  (d) No more than one (1) translator to be retained by Google outside counsel and who agrees in writing to be bound to the terms of this protective order by signing Exhibit A to this order; and

  (e) Staff of outside counsel and Qualified Retained Experts needed to assist such counsel and experts and who work in the offices and under the supervision of such individuals.

  3. "Qualified Retained Experts" as used above means retained experts who are qualified in advance with an opportunity for Asus Int'l to make reasonable objections within fifteen (15) calendar days after disclosure of any such expert. If, after meeting and conferring in good faith following such objection, the parties are unable to resolve the objection,

  Asus Int'l shall have ten (10) calendar days from the date of its objection in which to file a motion for a protective order with this Court, after which time it shall be deemed to have waived its objections. Each such qualified expert will agree in writing to be bound to the terms of this protective order by signing Exhibit A to this order, and will only be given access if he or she needs to see Asus Int'l's confidential information for purposes of putting on Google's claims or defenses in any German or English litigation(s),

  All persons who access confidential information under paragraphs 2(b), 2(c) and 2(d) of this protective order shall be identified to Asus Int'l in writing at least five (5) calendar days prior to such access.

  4. Google agrees to submit any written materials containing confidential information in a redacted form if reasonably feasible or, if redaction is not feasible, after designating these materials "Highly Confidential – Outside Counsel's Eyes Only" and requesting the competent German and/or English court to exclude these materials from any third party access to the court files, and exclude these materials and information from any decision of the court. Google agrees it will not object to any proposal by Asus Int'l to a German or other court requesting that the court preserve confidentiality, including a proposal to issue an order to expressly obligate Google

Outside Counsel to maintain the confidentiality in relation to anyone not privileged by the protective order, so long as such proposal does not conflict with this protective order. Google further agrees to stipulate and move any applicable German and/or English court with best efforts to give prior notice to Asus Int'l and obtain reasonable agreement upon the form of motion, to close the courtroom during those portions of hearings when Asus Int'l's confidential information is to be discussed. If the German and/or English court refuses to close the courtroom, Google must use best efforts to immediately inform Asus Int'l before use of such information and to obtain Asus Int'l input on how to use such information in the courtroom, but may nevertheless make use of the Asus Int'l confidential information, but agrees to use its best efforts to ensure that Asus Int'l's confidential information will not be made public, including, for example, referring to citations to the sealed written record and directing all witnesses to refer to citations to the written record. In any situation where Asus Int'l confidential information must be made public in a German and/or English court, Google will continue to use its best efforts to minimize the Asus Int'l confidential information that would in fact be made public, both in terms of quantity and the commercial sensitivity of such Asus Int'l confidential information.

Google further agrees to take measures to request and move the court, with best efforts to give prior notice to Asus Int'l and obtain reasonable agreement upon the form of request, that any applicable German and/or English court not include any Asus Int'l confidential information in any of its decisions, and further that if such Asus Int'l confidential information is included, the court may take all legally available measures, including but not limited to producing a redacted version of the court decision for publication and file inspection to ensure that Asus Int'l confidential information will not be made public;

Google, as well as any persons with access to Asus Int'l confidential information, will take measures to ensure that Asus Int'l confidential information is kept secure, including by storing any physical copies in locked cabinets when not in use and by ensuring that electronic copies are only accessible to individuals permitted to access the confidential information under this order.

5. After receiving notice Google will promptly notify Asus Int'l and its counsel of any attempt by a third party to the German and/or English proceedings to access any such Asus Int'l

confidential information that was in fact used in those proceedings, or of any attempt by any third party to intervene in the German and/or English proceedings, in sufficient time to allow Asus Int'l to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German and/or English court to ensure adequate protections remain in place.

6. Google will give Asus Int'l advance notice (at least 2 weeks where possible, and promptly where Google has less than 2 weeks notice) of any hearings at which its confidential information may be used and an opportunity to attend.

7. Any Asus Int'l confidential information or documents may only be used for purposes of the foreign proceedings pending in the Dusseldorf Regional Court in Germany and the High Court of Justice in London, United Kingdom between Unwired Planet International Ltd. and Google, including any appeals therefrom and any nullity actions involving the patents in suit in such pending proceedings, and may not be used in connection with other litigation, business purpose, or other matters.

8. In the event of any use or disclosure of confidential information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for Google shall immediately notify Asus Int'l of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure.

9. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims against all parties in the foreign proceedings pending in the Dusseldorf Regional Court in Germany and the High Court of Justice in London, United Kingdom between Unwired Planet International Ltd. and Google, Google shall, at the option of Asus Int'l, either return or destroy all physical objects and documents which contain the Asus Int'l confidential information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain any Asus Int'l confidential information. Notwithstanding the foregoing, all Parties and/or their counsel of record shall be permitted to retain: (i) copies of the pleadings including translations thereof; (ii) copies of any submissions filed with the Court including translations thereof; (iii) one copy of any written responses to

1 discovery requests including translations thereof; (iv) one copy of each deposition transcript,
2 hearing transcript, trial transcript, and the exhibits thereto, including translations thereof; and (v)
3 any copies, notes, summaries, or synopses constituting attorney work product, including
4 translations thereof, all of which shall continue to be treated in accordance with this protective
5 order.

6      10.     Any third party whose confidential information may be implicated by Asus Int'l's
7 production of information may avail themselves of the protections of this protective order and may
8 petition this Court to any reasonable amendment to this order for good cause shown.

9      11.     The United States District Court for the Northern District of California is
10 responsible for the interpretation and enforcement of this Protective Order. After termination of
11 the foreign proceedings pending in the Dusseldorf Regional Court in Germany and the High Court
12 of Justice in London, United Kingdom between Unwired Planet International Ltd. and Google, the
13 provisions of this Protective Order shall continue to be binding. All disputes concerning
14 information produced under the protection of this Protective Order shall be resolved by the United
15 States District Court for the Northern District of California.

```
The court shall retain jurisdiction to enforce the terms of this
order for a period of six months after the final resolution of the
foreign proceedings.
```

-5-    CASE NO. 4:14-mc-80333-DMR
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

1

2  DATED: January 29, 2015                QUINN EMANUEL URQUHART &
3                                         SULLIVAN, LLP

4

5                                         By:  /s/ Brian C. Cannon
                                               Brian C. Cannon
6                                              Attorneys for Google

7

8  DATED: January 29, 2015
9

10

11                                        By:  /s/ Laura L. Norris
                                               Laura L. Norris
12                                             Attorney for Asus Computer International

13

14

15 PURSUANT TO STIPULATION, IT IS SO ORDERED as modified.

16
   DATED: ___January 29___, 2015
17

18
                                          IT IS SO ORDERED
19                                        AS MODIFIED

20                                        _____
                                          Judge Donna M. Ryu
21                                        United States Magistrate Judge

22

23

24

25

26

27

28

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in United States District Court, Northern District of California, Civil Division, Civil Action No. 4:14-mc-80333-DMR.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]